IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **NOAH STEVEN COKER,** | : | **PRISONER CIVIL RIGHTS** |
| Plaintiff, | : | **28 U.S.C. § 1331** |
| | : | |
| v. | : | |
| | : | |
| **UNNAMED,** | : | **CIVIL ACTION NO.** |
| Defendant. | : | **1:15-CV-1252-TWT-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Plaintiff, Noah Steven Coker, confined in the Gwinnett County Jail in Lawrenceville, Georgia, submitted a "petition for a hearing," which the Clerk docketed as a civil rights action. [Doc. 1.] On April 29, 2015, the undersigned filed an Order allowing Plaintiff to submit, within thirty (30) days, (1) a form complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and (2) either (a) the total filing and administrative fees of $400.00 or (b) an application to proceed *in forma pauperis*. [Doc. 2 at 2.] The undersigned advised Plaintiff that failure to comply with that Order in a timely manner could result in a recommendation that this action be dismissed. [*Id.* at 3.]

On May 14, 2015, the Clerk received a letter from Plaintiff in which he indicated that he was "going ahead and sending in the claim [and] relief sought." [Doc. 3 at 1.]

On that same date, the Clerk also received a complaint from Plaintiff and docketed it as a new civil rights action pursuant to 42 U.S.C. § 1983.  *See* Complaint, *Coker v. Gwinnett Cnty.*, No. 1:15-cv-1726-TWT-AJB (N.D. Ga. filed May 14, 2015).  On May 22, 2015, the Clerk received Plaintiff's application to proceed *in forma pauperis* and docketed it in both the present case, [*see* Doc. 4], and *Coker v. Gwinnett County*.  On May 28, 2015, the undersigned granted Plaintiff's application to proceed *in forma pauperis* in *Coker v. Gwinnett County*.  Thus, Plaintiff is proceeding in his § 1983 action, *Coker v. Gwinnett County*.  In the present *Bivens* action, however, Plaintiff has not submitted a form complaint in compliance with the undersigned's Order of April 29, 2015, [Doc. 2], and the time period in which Plaintiff could do so has expired.  The undersigned concludes that Plaintiff does not intend to proceed with the present *Bivens* action and instead will proceed only in *Coker v. Gwinnett County*.

It is therefore **RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis*, [Doc. 4], be **DENIED AS MOOT** and the present *Bivens* action be **DISMISSED WITHOUT PREJUDICE**, due to Plaintiff's failure to comply with a lawful order of the Court.  N.D. Ga. R. 41.3A(2); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion");

AO 72A
(Rev.8/82)

*Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam) (same); *Heard v. Nix*, 170 Fed. Appx. 618, 619 (11th Cir. Feb. 23, 2006) (per curiam) (affirming dismissal under N.D. Ga. R. 41.3 and Federal Rule of Civil Procedure 41(b) for failure to comply with court order).

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this  9th   day of June, 2015.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE